**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NIHEEM LEWIS** | : | **NO. 19-235** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                     **August 11, 2021**

Moving for a reduction of sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Niheem Lewis, a prisoner at FCI Fort Dix, contends that the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting a reduction of his sentence.[1] Lewis claims that he is not a danger to the community and is unlikely to recidivate, citing his participation in various educational courses, his work for UNICOR and his clean disciplinary record in prison as evidence of his rehabilitation.[2] The government argues that the circumstances of the pandemic do not support a reduction in sentence because Lewis has identified no medical conditions placing him at greater risk of severe illness or death from COVID-19, and he already contracted COVID-19 and recovered.[3] The government also argues that Lewis poses a danger to the community because of the nature and seriousness of his offense.[4]

Lewis pled guilty to 18 counts of making false statements to federal firearms licensees and one count of possession of a firearm by a convicted felon.[5] His total offense

---

[1] Def.'s Mot. for Red. in Sent. at 3 (ECF No. 58).

[2] *Id*. at 2-4.

[3] Govt. Resp. in Opp. to Def.'s Mot. to Red. Sent. at 3, 12-15 (ECF No. 60).

[4] *Id*. at 16.

[5] *Id*. at 1.

level was 25 and his criminal history was category V. The sentencing guideline range was 100 months to 125 months. He was sentenced to 60 months on each of Counts 1 through 18 concurrently and a consecutive 18 months on Count 19, for a total of 78 months.[6]

Lewis is 38 years old.[7] He has no identified health conditions. He tested positive for COVID-19 on October 30, 2020 and was deemed recovered on November 13, 2020.[8] He claims that he continues to suffer from "COVID-19 long-haul syndrome," which causes lingering shortness of breath, chest pains, fatigue and other COVID-19 related symptoms.[9] He presents no medical records substantiating these conditions. He was offered the COVID-19 vaccine produced by Pfizer-BioNTech, but refused it.[10]

Because Lewis has recovered from COVID-19 and presents no serious health conditions placing him at greater risk of severe illness or death should he contract the virus again, we find that the circumstances of the pandemic do not constitute an extraordinary and compelling reason warranting release. Therefore, we shall deny his motion for a sentence reduction under the compassionate release statute.

## Discussion

A court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it first finds that extraordinary and compelling reasons warrant a reduction and "a reduction is consistent with applicable policy statements issued by the

---

[6] *Id*. at 2.

[7] *Id*. at 3.

[8] *Id*.

[9] Def.'s July 6, 2021 Ltr. at 2 (ECF No. 64); Def.'s Reply at 2 (ECF No. 63).

[10] Govt. Resp. at 3.

Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Before ordering the release of a prisoner, the court must determine that he is not a danger to the safety of others or the community. 18 U.S.C. § 3142(g).

Congress did not define what constitutes an extraordinary and compelling reason, leaving it to the Sentencing Commission to do so. In its policy statement and commentary addressing Section 3582(c)(1)(A), the Sentencing Commission set forth three specific extraordinary and compelling reasons. U.S.S.G. § 1B1.13, cmt. n. 1. Application Notes 1(A) through 1(C) detail qualifying medical, age and family circumstances.

Making it clear that these were not the only reasons that may be considered extraordinary and compelling, the Sentencing Commission added an "other reasons" category that provides that a reduction may be warranted by an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). At the same time, it delegated the Bureau of Prisons Director to define what "other reasons" qualify under subdivision 1(D). *Id*.

We have held in other cases that a court has the authority and responsibility to determine what is an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[11] We have also determined that the COVID-19 virus and its impact on the prison population in a particular case may warrant relief under Section 3582(c)(1)(A).[12] Thus, we consider Lewis's motion on the merits.

---

[11] *See U.S. v. Babbitt*, 496 F. Supp. 3d 903 (E.D. Pa. 2020); *U.S. v. Spencer*, No. 15-562, 2021 WL 565388 (E.D. Pa. Feb. 12, 2021); *U.S. v. Randall*, No. 08-8, 2021 WL 922077 (E.D. Pa. Mar. 11, 2021); *U.S. v. Avery*, No. 04-243, 2021 WL 949482 (E.D. Pa. Mar. 12, 2021); *U.S. v. Medina*, No. 15-554 (E.D. Pa. Apr. 22, 2021).

[12] *See Babbitt*, 496 F. Supp. 3d; *Spencer*, 2021 WL 565388; *Medina*, No. 15-554.

To determine whether extraordinary and compelling reasons exist in an individual case, we consider the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age, the risk of contracting COVID-19 at the defendant's facility and whether the defendant has been fully vaccinated. None of these reasons alone is an extraordinary or compelling reason. Health complications without the risk of COVID-19 at a particular institution do not warrant release in every case. Similarly, the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions, or if the defendant is vaccinated. However, a combination of these circumstances may rise to the level of "extraordinary and compelling." Hence, each case must be determined by the facts unique to the defendant.

Lewis has identified no health conditions that place him at greater risk of severe illness or death from COVID-19. He already contracted COVID-19 and recovered. He claims to suffer lingering effects from his infection, but he has provided no medical documentation of these symptoms, nor has he explained how this syndrome increases his risk of severe illness or death should he become re-infected. Moreover, Lewis is housed at FCI Fort Dix, which has reported no cases among inmates and only one among staff.[13] Almost 60% of the total inmate population at FCI Fort Dix is fully vaccinated.[14] The risks posed to Lewis's health are minimal. Therefore, these circumstances do not present an extraordinary or compelling reason justifying compassionate release.[15]

---

[13] Federal Bureau of Prisons, "COVID-19 Coronavirus" (updated daily), https://bit.ly/2SOsQpe.

[14] *Id*.; Federal Bureau of Prisons, "FCI Fort Dix," https://www.bop.gov/locations/institutions/ftd/.

[15] We note that numerous friends and family have submitted letters on Lewis's behalf supporting his compassionate release motion. Although these letters provide insight into his rehabilitation in prison and his support system at home, they do not provide an extraordinary or compelling reason justifying a sentence

4

**Conclusion**

The COVID-19 pandemic and the low risk of Lewis contracting COVID-19 at FCI Fort Dix do not constitute an extraordinary and compelling reason to grant a sentence reduction. He is not at risk of severe illness or death while continuing to serve his sentence at FCI Fort Dix. Therefore, we shall deny Lewis's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

---

reduction. Because we conclude that there is no extraordinary or compelling reason to grant compassionate release, we do not consider whether Lewis is a danger to the safety of others or the community, or any other factors weighing in favor of release.